Edward G. Baker, J.
Plaintiffs seek in these actions to enjoin and restrain defendants from picketing their places of business, and from interfering with the delivery of goods by their suppliers. The facts in the two actions being identical, and the relief demanded in each being the same, the actions were tried together.
Plaintiffs are engaged in the business of winding yarns. The yarns are shipped by the manufacturers to skein-dyers who, after processing, deliver them to plaintiffs for winding.
None of the employees in either of the plaintiffs’ establishments is a member of any union. Neither employer now has, and neither ever had, any contract or bargaining agreement with a union.
In October, 1956 one Weintraub, an organizer for defendant union, approached plaintiff Stein and requested that he “ sign up with the union.” He promised that any contract then negotiated would contain liberal terms, but that if Stein refused to sign or negotiate he would make it his business to see that deliveries to the plant were stopped.
At about the same time substantially the same statements and threats were made by Weintraub to plaintiff Albanese.
On or about October 18, 1956 one Epstine, an official of defendants, communicated with Mr. Kimmell, plaintiffs’ attorney, who was also the representative of the Yarn Winders Association of which plaintiffs were members. He requested that all members of the association sign contracts with the union. Mr. Kimmell suggested an election. Epstine refused and stated that, unless contracts were signed, the establishments of the member firms of the association would be picketed.
The union’s threats were carried out. Picketing commenced in the latter part of October, 1956, and still continues. The union informed the skein-dyers (plaintiffs’ suppliers) of the fact of the picketing. Thereafter, at least four suppliers discontinued deliveries to plaintiffs.
The credible evidence compels the conclusion that no real effort ever was made by the union to organize or recruit plaintiffs’ employees. On one occasion, pamphlets were distributed to some of the employees of plaintiff Albanese, but that was the extent of the alleged organizational effort. The plain purpose of the picketing and of the pressure exerted on the suppliers to suspend or discontinue deliveries, was to coerce plaintiffs *1005 into compelling their employees to join the defendant union. This obviously was an unlawful objective (N. Y. Const., art. I, § 17; Labor Law, §§ 703, 704, subd. 3) and section 876-a of the Civil Practice Act is not a bar to the relief sought (Goodwin’s, Inc. v. Hagedorn, 303 N. Y. 300).
It seems clear that plaintiffs have no adequate remedy at law. The picketing, unquestionably, has had an adverse effect upon plaintiffs’ business. It still continues. In the nature of things, the damages they have sustained and will sustain if defendants’ illegal activities are continued are not capable of accurate determination. There has been a complete cessation of deliveries by four suppliers. If not restrained, defendants’ unlawful activities will continue, and may ultimately result in forcing plaintiffs out of business. In these circumstances, there is no adequate legal remedy (Dailey v. City of New York, 170 App. Div. 267, 278, affd. 218 N. Y. 665).
Plaintiffs’ operations, as distinguished from those of the association of employers from which they have resigned, do not affect commerce within the meaning of the National Labor Relations Act. There is no question of pre-emption here.
Plaintiffs are entitled to judgment enjoining and restraining defendants from picketing plaintiffs’ establishments to the extent that all picketing will be enjoined for a period of three months from date of entry of the judgment to be entered hereon. At the expiration of that time defendants may apply to Special Term for modification of the injunction to permit picketing which is specified and proper. Defendants also will be enjoined from interfering, directly or indirectly, with the delivery of yarn and other supplies to plaintiffs.
Insofar as the complaints seek money judgments, the allegations have not been sustained. The evidence is insufficient to enable the court to determine the precise extent of plaintiffs’ damages.
Settle findings and judgments accordingly.